# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| CHARLES VINCENT RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV411-310 |
| ) | |
| DETECTIVE TIFFANY SAYTA; ) | |
| DETECTIVE HUTCHINSON; ) | |
| DISTRICT ATTORNEY LARRY ) | |
| CHISOLM; OFFICER RUSSEL ) | |
| MATTHEWS; ATTORNEY JASON ) | |
| JONES; all individually and in ) | |
| their official capacities, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Charles Vincent Rice's 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted him leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 5.) He has returned the two forms, so the case is ready to proceed. (Docs. 7 & 8.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject

to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Rice, like many recent detainees at the Chatham County Detention Center, seeks to enjoin what he characterizes as a bad faith criminal prosecution against him. (Doc. 1 at 1.) He cites every statute he can conceive of in support of his claim, and he even asks the Court to initiate criminal proceedings against the defendants under 18 U.S.C. § 241 & 242. (*Id.* at 2-3.) He has no right to institute criminal proceedings, nor do those statutes give rise to a private cause of action. *See, e.g., Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242); *Willing v.*

*Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 241 does not give rise to a private cause of action).) Likewise, his request for an injunction fails.

"Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not enjoin the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Here, Rice, who is charged with kidnapping, armed robbery, and robbery by intimidation, insists that he is innocent of the charges. (Doc. 1 at 4.) He claims that the detectives who arrested him did so without

probable cause, instead racially profiling him based upon his prior convictions (curiously, the "racial" profiling appears not to have been based upon his race, but his criminal history). (*Id.* at 3-4.) And, he argues, they somehow conspired with the district attorneys and his public defender to deprive him of his rights.[1] (*Id.* at 1, 7.) Additionally, he claims that his public defender has failed to represent him zealously and waived his preliminary hearing without his consent.[2] (*Id.* at 3.)

---

[1] His allegation of conspiracy is utterly unsupported. He has not offered any facts showing any sort of agreement between the detective, judge, or district attorney to deny him his civil rights. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient."). Hence, he has failed to state a claim in that regard.

[2] It is unclear whether he meant to state an independent claim regarding the allegedly improper waiver of his preliminary hearing. If he meant to do so, he has not come close to stating a claim under *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), which held that "persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *Id.* at 53 (citing Gerstein v. Pugh, 420 U.S. 103, 114 (1975)). He never alleges that he was not afforded the *right* to a prompt probable cause hearing but asserts only that his public defender waived his right to a preliminary hearing without his consent. In other words, it is his attorney's own ineffectiveness that he challenges, not some flawed judicial process or practice or some police officer's failure to bring him before a judge for a prompt determination of probable cause. Moreover, § 1983 does not afford Rice a remedy against his public defender on such a claim, for a defense attorney -- even one appointed by the state -- does not act under "color of state law" within the meaning of that statute. *Polk v. Dodson*, 454 U.S. 314, 317-19 (1981); *id.* at 325 ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Based upon all of these alleged constitutional violations, he insists that the federal court should step in and stop the prosecution.

"Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass"). Rice's showing is utterly deficient in that regard. He has not come close to offering any *proof* of bad faith or harassment. While he insists that he is innocent of the charges, his lawyer has rendered deficient performance, and he was improperly targeted based upon his prior record, such bare contentions are a far cry from proof of purposeful bad faith harassment by unscrupulous state officials bent on wielding the power of the state to violate his civil rights. Instead, they are common complaints that trouble many criminal defendants. Such

matters are best resolved in the ongoing state criminal proceedings. In sum, none of the exceptions to the *Younger* doctrine apply in this case.³

For that matter, to the extent Rice seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson* 358 F. App'x at 119 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies.⁴ If he wishes to proceed with such a claim, he

---

³ Instead of running to federal court, Rice should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.")

⁴ Rice cannot credibly claim that meaningful judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Rice's's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980).

should file a 28 U.S.C. § 2241 habeas petition, but he is advised that such a petition would likely be subject to immediate dismissal for lack of exhaustion.

Accordingly, plaintiff's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief). His motions to appoint counsel

---

As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

(doc. 6) and for a temporary restraining order (doc. 10) are also **DENIED** as this frivolous case is due to be dismissed.[5]

Meanwhile, Rice must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $1.46. See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $1.46 from Rice's account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due

---

[5] The motion for a restraining order is also denied based upon its frivolity. Rice inexplicably cites to the Uniform Commercial Code. (Doc. 10.) He states that he is a creditor and seeks an injunction against "infringement." Needless to say, the claim is legally frivolous. The UCC is merely a recommendation of laws to be adopted by the states, but even if Rice cited to the Georgia's Commercial Code, this claim fails. The GCC apples to commercial transactions and thus has absolutely no utility here.

from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this  5th  day of March, 2012.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA